[Cite as *Easley v. Dept. of Rehab. & Corr.*, 2010-Ohio-2658.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID EASLEY

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2009-05277-AD

Judge Alan C. Travis
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TRANSFERRING CASE TO ADMINISTRATIVE DOCKET

{¶ 1} On April 6, 2010, defendant filed a combined motion for summary judgment pursuant to Civ.R. 56(B) and motion to transfer plaintiff's case to the administrative docket. Plaintiff has not opposed the motion. Plaintiff has not opposed the motion. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.  At all times relevant, plaintiff was an inmate in the custody and control of defendant at the Southern Ohio Correctional Facility (SOCF) pursuant to R.C. 5120.16.  Plaintiff alleges that on May 8, 2009, a corrections officer (CO) assaulted him.  Plaintiff also alleges that defendant's employees destroyed his CD player and CDs, lost his shoes and address book, and "stole" an issue of *Penthouse* magazine from him.[1]

{¶ 4}  The Ohio Administrative Code sets forth the circumstances under which force may be lawfully utilized by prison officials and employees in controlling inmates.  Ohio Adm.Code 5120-9-01(C) provides, in relevant part:

{¶ 5}  "(2)                            Less-than-deadly force.  There are six general circumstances in which a staff member may use force against an inmate or third person.  A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶ 6}  "(a)                            Self-defense from physical attack or threat of physical harm;

{¶ 7}  "(b)                            Defense of another from physical attack or threat of physical attack;

{¶ 8}  "(c)When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders;

{¶ 9}  "(d)                            When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance;

---

[1]On August 7, 2009, the court dismissed plaintiff's claims regarding his medical treatment, his housing placement within SOCF, and his retaliation claims.

{¶ 10} "(e)                      Prevention of an escape or apprehension of an escapee; or

{¶ 11} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶ 12} The court has recognized that "corrections officers have a privilege to use force upon inmates under certain conditions. * * * However, such force must be used in the performance of official duties and cannot exceed the amount of force which is reasonably necessary under the circumstances. * * * Obviously, 'the use of force is a reality of prison life' and the precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Mason v. Ohio Dept. of Rehab. & Corr.* (1990), 62 Ohio Misc.2d 96, 101-102. (Internal citations omitted.)

{¶ 13} In support of its motion, defendant filed the affidavit of CO J. Azbell. Azbell states in his affidavit:

{¶ 14} "1. I am currently employed by [defendant] as a [CO] at [SOCF].

{¶ 15} "2. I have personal knowledge, and I am competent to testify to the facts contained in this affidavit.

{¶ 16} "3. [Plaintiff] was incarcerated at [SOCF] on or about May 8, 2009.

{¶ 17} "4. On May 8, 2009, around 7:14 p.m., after giving [plaintiff] his medication I began to do a routine check and walked onto the 21-40 range. [Plaintiff] was in K2-80. I heard [plaintiff] kicking his cell door and screaming 'turn this goddamn movie on!' I then went back to [plaintiff's] cell and gave [plaintiff] a direct order to stop. I observed that [plaintiff] had a blanket wrapped around his face and mouth. [Plaintiff] then made a statement 'Turn this fucking movie on or I'm going to throw shit on you.'" [Plaintiff] then grabbed something from his bed and threw it at me. I then administered a short burst of O.C. spray to [plaintiff's] facial area and exited the range.

{¶ 18} "5. [Plaintiff] was sent to seek medical attention.  He was not denied permission to wash off the mace. [Plaintiff] was placed in his cell after seeking medical treatment."

{¶ 19} Azbell also identified and authenticated attached copies of both an incident report and conduct report that he prepared as a result of the incident.

{¶ 20} Based upon the undisputed affidavit testimony provided by defendant, the court finds that Azbell used no more force necessary than to defend himself and to control and subdue plaintiff.  Accordingly, defendant is entitled to judgment as a matter of law on plaintiff's assault claim.

{¶ 21} With respect to plaintiff's property claim, R.C. 2743.10 provides, in pertinent part, that "[c]ivil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims."

{¶ 22} The court finds that the value of plaintiff's property allegedly lost or "stolen" by defendant does not exceed $2,500.

{¶ 23} Based upon the foregoing, defendant's motion is GRANTED.  Judgment is rendered in favor of defendant on plaintiff's assault claim, and plaintiff's property claim is TRANSFERRED to the administrative docket where it shall be processed in accordance with R.C. 2743.10(A).  Pursuant to Civ.R. 54(B), this court makes the express determination that there is no just reason for delay.

_____
ALAN C. TRAVIS
Judge

cc:

Amy S. Brown

Assistant Attorney General

150 East Gay Street, 18th Floor

Columbus, Ohio 43215-3130

David Easley, #306-400

P.O. Box 45699

Lucasville, Ohio 45699

MR/cmd

Filed June 1, 2010

To S.C. reporter June 9, 2010